## STATE, EX REL. KOEHLER v. INDUSTRIAL BOARD OF INDIANA.

[No. 13,538. Filed January 22, 1929.]

*James W. Davis,* for relator.

PER CURIAM.—The relator has filed his verified petition in this court, asking that we order the Industrial Board to prepare, certify and furnish to him, without cost to him, a transcript of proceedings lately had before said board in the case of *Koehler* v. *Shaw Coal Company,* the said proceedings being had upon an application for compensation filed by the said relator against said coal company, his employer, and in which proceedings there was a finding and award against relator, and from which finding and award, he desires to appeal to this court.

The relator says that he is without any funds to pay for said transcript; that he filed his affidavit of such fact

with the Industrial Board, and asked that they furnish to him said transcript, duly certified, free of costs to him, so that he might prosecute said appeal as a "poor person." His request was denied, hence this action.

Upon the facts stated in the petition of relator filed herein, we need not decide whether a person can, under our law, avail himself of the privilege of prosecuting an appeal from an award of the Industrial Board as a "poor person" or not. The said award was made, according to the averments of the petition herein, November 8, 1928, and, within ten days thereafter, the relator presented to said board his aforementioned petition, which was denied.

It does not appear that any notice of relator's intention to appeal from said award was ever served upon said Shaw Coal Company and upon the secretary of the Industrial Board, or either of said parties, and no appeal bond was given. As the time within which notice of intention to appeal has now long since passed, and as the giving of these notices and the filing of the appeal bond are matters going to the jurisdiction of this court over the adverse party in the compensation proceedings, any attempt now to appeal would be fruitless because of lack of jurisdiction over said coal company.

The writ will therefore be denied.